UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FELICIA DAVIS,

           Plaintiff,

    v.

NORDSTROM, INC., OF SOUTHCENTER-SEATTLE, AND RUSS BRYAN, Department Manager; PARI SANAYEI, Store Manager,

           Defendants.

No. CV5-5665RBL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      This matter is before the Court on Defendants' Motion for Summary Judgment [Dkt. #5]. Defendants seek dismissal of Plaintiff Felicia Davis's claims as a matter of law because they are time-barred by statute and they are not supported by sufficient evidence. Defendants also seek summary judgment on the issue of punitive damages because Davis provides no evidence that Defendants acted with malice or reckless indifference. Defendants Russ Bryan and Pari Sanayei seek dismissal because they have never been served in this case. For the reasons explained below, this Court GRANTS the motion.

## BACKGROUND

      The Plaintiff is an African American woman formerly employed on an at will basis from June 16, 2000, to October 13, 2003, as a salesperson at Nordstrom Rack stores in Auburn and Tukwila,

ORDER                              1

Washington. She claims that she was sexually harassed and discriminated against by her supervisor, Defendant Bryan. She also claims that Bryan's input into the evaluation of her performance influenced Nordstrom, and that Nordstrom wrongfully terminated her. In connection with these allegations, she makes five claims for relief under Title VII: (1) hostile environment; (2) sexual harassment; (3) discrimination; (4) retaliation; and (5) denial of promotion/wrongful termination.

Defendants argue that claims against Bryan and Sanayei should be dismissed because they were never served in this case. They add that Davis's remaining claims against Nordstrom, Inc., should be dismissed for several reasons. First, they argue that all of Davis's claims should be dismissed because they are time-barred by the 300-day statutory period for filing a charge with the EEOC. Second, they argue that Davis's Title VII sexual harassment claim should be dismissed because the improper act was isolated and because Nordstrom immediately took steps to stop the improper conduct. Third, they argue that Davis's retaliation and termination claims should be dismissed because Nordstrom had legitimate, non-discriminatory reasons for terminating Davis, including her retaliation against a complaining co-worker. Fourth, they argue that Davis's hostile environment claim should be dismissed because she fails to show sufficient evidence to support the claim. Finally, Defendants argue that Davis provides no evidence that any defendant acted with malice or reckless indifference to her protected rights.

Plaintiff Davis requested and received an extension of time to respond to Defendants' motion, but has not done so.

**DISCUSSION**

**A.    Summary judgment standard**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on

file, specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a decision in its favor. *Triton Energy*, 68 F.3d at 1220.

**A.      Hostile Environment Claim**

As an initial matter, Defendants' argument that Davis's hostile environment claim is time-barred is correct. Defendants base their argument on 42 U.S.C. §2000e-5(1), which states that if the Title VII claim is filed with a state agency that has a work sharing agreement with EEOC, it must be filed within 300 days of the alleged Title VII violation. Based on EEOC's receipt of Davis's complaint on August 6, 2004, the EEOC clarified that the 300-day period dates back to October 11, 2003. It added that "[a]ny alleged employment discrimination which occurred before that date will be considered untimely filed." Decl. of D. Michael Reilly at page 6.

Davis's employment with Nordstrom ended on October 13, 2003. Therefore, the only period during which Davis may bring a Title VII claim is the period from October 11, 2003 (300 days prior to her EEOC complaint), to October 13, 2003 (the end of her employment). Because Davis does not allege that any defendant engaged in creating a hostile work environment[1] during this period, Davis's hostile work

---

[1] Davis's Title VII claims are based on her allegations that "Defendant" engaged in a pattern of harassment including inappropriate sexual comments, invasion of personal space with suggestive sexual intentions, and inappropriate touching. "Defendant" here is presumably Russ Bryan, whom a Nordstrom Human Resources Manager reprimanded after Davis complained about his behavior towards her. Davis alleges that she gave actual notice of sexual harassment on or about September 14, 2002, but she does not allege that she gave notice anytime after that date. Based on this single notice in 2002 and the fact that Davis does not dispute that she later told Human Resources no other misconduct had occurred, the Court cannot reasonably conclude that there was a continuing hostile work environment in October 2003.

ORDER                                    3

environment claim is barred. The Court therefore GRANTS Defendants' summary judgment motion on this claim.

**B.      Sexual Harassment Claim**

The Court incorporates the same reasoning as the hostile environment discussion in GRANTING Defendant's summary judgment motion on Davis's sexual harassment claim. Davis's sexual harassment claim is barred because Davis does not allege that any defendant engaged in sexual harassment against her between October 11, 2003, and October 13, 2003.

**C.      Discrimination Claim**

The Court incorporates the same reasoning as the hostile environment discussion in GRANTING Defendant's summary judgment motion on Davis's discrimination claim.

**C.      Retaliation Claim**

Davis's retaliation claim is apparently[2] based on the contention that Nordstrom terminated her because she lodged a complaint against her supervisor, Bryan. Nordstrom argues that Davis's claim fails as a matter of law because she does not show a causal link between Davis's complaint against Bryan and her termination one year later.

In order to prove retaliation, a plaintiff must prove the following three elements: (1) plaintiff engaged in a protected activity[3]; (2) defendants took an adverse employment action[4]; and (3) there was a causal link between the protected activity and the adverse action. *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 763 (9th Cir. 1996). To establish the third element, that there was a causal

---

[2] Davis has not responded to Nordstrom's summary judgment motion. Therefore, the Court views the facts provided by Nordstrom in a light most favorable to Davis.

[3] Protected activity includes an employee's complaint that she has been sexually harassed or discriminated against in her place of employment. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *Sumner v. U.S. Postal Service*, 899 F.2d 203, 209 (2d Cir. 1990).

[4] Adverse employment action includes termination of an employee when termination is motivated by his or her sexual harassment or discrimination complaint. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

ORDER                                        4

link, plaintiff must show that retaliation was a significant or substantial factor motivating the decision to implement the adverse action. *Harris v. City of Seattle*, 315 F.Supp. 2d 1112, 1125 (2004).

Nordstrom argues that Davis does not and cannot meet the "significant or substantial factor" test for three reasons. First, Bryan was no longer Davis's manager when Davis was terminated. Second, Bryan was not involved in the decision to terminate Davis's employment. Third, the fact that Davis was terminated about one year later than the time she complained about Bryan suggests that Nordstrom's termination decision was not prompted by Davis's complaint.[5] Nordstrom adds that it had legitimate reasons for terminating Davis.[6] Those reasons included Davis's poor performance reviews, her insubordination when she refused to follow her supervisor's instruction not to talk with co-workers' about their complaints against Davis, and Davis's retaliation against one co-worker who had lodged a complaint against her.

The Court agrees. Davis fails to support her assertion of retaliation with facts that would allow this Court to conclude that her complaint prompted Nordstrom's decision to terminate her. Even viewing the facts in a light most favorable to Davis, no reasonable fact finder could determine that Davis's complaint bore any causal relation to her termination. Defendants' summary judgment motion on Davis's termination claim is GRANTED.

**D.     Denial of Promotion/Wrongful Termination Claim**

Davis asserts her final claim without referring to a specific promotion opportunity that she was denied. The Court will therefore treat her final claim as a claim for wrongful termination, a claim that she

---

[5] *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 149 L. Ed. 509 (2001) (holding that temporal proximity between a protected activity and an adverse action must be "very close" in time to infer causation).

[6] Nordstrom argues that even if Davis is able to assert a prima facie retaliation claim, she will not be able to prove that Nordstrom's reasons are a mere pretext for her termination under the *McDonnell Douglas* burden-shifting scheme. *See Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1066 (9th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

appears to base on the argument that Nordstrom terminated her because she is part of a protected class.[7] Nordstrom argues that it had legitimate reasons for terminating Davis and denies any discriminatory purpose.

The Court incorporates its reasoning with respect to Davis's retaliation claim in GRANTING Defendants' summary judgment motion. In its summary judgment motion, Nordstrom stated legitimate reasons for terminating Davis. Davis fails to show any facts that would lead this Court to reasonably conclude that Nordstrom's reasons for terminating her were pretexts.

**B.     Punitive Damages**

In light of the Court's reasoning above, the Court GRANTS Defendants' motion to dismiss punitive damages.

\* \* \*

The Defendants' Motion for Summary Judgment is GRANTED [Dkt. #5]. Plaintiff's claims are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 11th day of April, 2006.

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[7] Davis correctly states in her complaint that as a woman she is a member of a protected class under Title VII. As an African American, Davis is part of a second protected class under Title VII.